IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| STEVE MONTEMAYOR,<br><br>Plaintiff,<br><br>v.<br><br>PATTERSON UTI DRILLING, *et al.*,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ Civil Action No. 6:24-CV-00037-H-BU<br>§<br>§<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Steve Montemayor brings this action against Patterson UTI Drilling (Patterson) and Liberty Mutual Insurance (Liberty Mutual). This case was automatically referred to the undersigned for pretrial management under Special Order 3-251. Montemayor's claims are subject to judicial screening under 28 U.S.C. § 1915 after the Court granted Montemayor leave to proceed *in forma pauperis* (IFP), Dkt. No. 9. The undersigned submits these Findings, Conclusions, and Recommendations to address whether Montemayor's claims survive preliminary screening. For the reasons below, the undersigned RECOMMENDS that the Court DISMISS this case for lack of subject-matter jurisdiction.

**I. BACKGROUND**

Montemayor filed his Complaint on June 3, 2024, and originally named Patterson, Liberty Mutual, and Rusk State Hospital as defendants. Dkt. No. 1. The Court entered a

Filing Fee Deficiency Order soon after because Montemayor had not paid the filing fee or sought leave to proceed IFP. Dkt. No. 5. The Court also ordered him to respond to a Magistrate Judge's Questionnaire which primarily sought additional information to assess the Court's jurisdiction in his case. Dkt. No. 4. Both Orders required Montemayor to respond by no later than June 25, 2024. Montemayor failed to respond by that deadline, prompting the Court to issue an Order to Show Cause requiring him to explain his inaction no later than July 10, 2024. Dkt. No. 6.

On July 3, 2024, Montemayor filed a Motion for Leave to Proceed IFP, which the Court granted, and an Amended Complaint.[1] Dkt. Nos. 7, 8. Although Montemayor's Amended Complaint was filed without leave, the undersigned construes his filing as seeking leave and GRANTS the request.

Montemayor's Amended Complaint drops Rusk State Hospital as a defendant and adds more detail to his claims. He writes:

> I have called, written, and appealed towards my knee replacement. Also, Doctor Stark has called and faxed Patterson and Liberty Mutual over the past 5 years too. I have been wearing a full knee stabilizer sleeve. The 2-year statute of limitations does not matter in this case. I have had 2 open knee surgeries 20014 and 2012 on the same knee issue. Knowing I have a new insurance adjuster is not working like the others I have had.

Dkt. No. 7 at 4 (cleaned up).

Montemayor then lists the following: negligence, emotional distress, sleep deprivation, pain and suffering, deliberate indifference, loss of muscles, loss of work time,

---

[1] Neither filing acknowledged the Court's Order to Show Cause or the Magistrate Judge's Questionnaire. See Dkt. Nos. 7, 8.

schizophrenic and paranoid, "[p]aranoid when I started working [Patterson] started me on drugs and hard drinking," time and mileage, hotel stays, food receipts, "1st Constitutional right," "I cannot drive within 5 years time too." Dkt. No. 7-1.

He then writes:

> The 2-year statute of limitations does not matter upon/on the same issue right knee – I have had 2 open ACL open knee surgeries—the first one in 2004 in the County Jail and another in 2012, 5–8 years past. Plus Liberty Mutual is awful with my new insurance adjuster on my requests. I do write, call, and appeal numerous times. Doctor Stark of Abilene Bone and Joint in Abilene, Texas has called and faxed numerous times. He has disabled me. I have been wearing a full knee stabilizer for 5 years. My 1st constitutional right too. Health, safety, and medical have been discriminated.

*Id.* (cleaned up).

## II.  LEGAL STANDARDS AND ANALYSIS

"Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider." *Bowles v. Russell*, 551 U.S. 205, 212 (2007); *see also Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims."). As a result, federal courts have an independent duty to examine their own subject-matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–84 (1999) ("Subject-matter limitations . . . keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level.") (citations omitted)).

Because Montemayor chose to file his lawsuit in federal court, it is his burden to establish federal jurisdiction. *See Butler v. Dallas Area Rapid Transit*, 762 F. App'x 193,

194 (5th Cir. 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are insufficient to support [an] attempt to establish subject-matter jurisdiction." (citing *Evans v. Dillard Univ.*, 672 F. App'x 505, 505–06 (5th Cir. 2017) (per curiam); *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001))). And if he does not, this lawsuit must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction under Section 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983)). In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b).

A federal court must not assume that it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)); *see also MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("Because federal courts have limited jurisdiction,

parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings.") (quoting *Getty Oil*, 841 F.2d at 1259).

Even under the most liberal construction, there is nothing in Montemayor's Amended Complaint that implicates a substantial, disputed question of federal law, or even hints at one. Nor has Montemayor shown complete diversity. "Complete diversity 'requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'" *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam)). But Montemayor alleges that Patterson is incorporated or has its principal place of business in Snyder, Texas. Dkt. No. 7. Thus, complete diversity is lacking, and with it, the Court's ability to assert subject-matter jurisdiction over this case.

## IV.  CONCLUSION

For the reasons above, the undersigned RECOMMENDS that the Court DISMISS WITHOUT PREJUDICE Montemayor's claims for lack of subject-matter jurisdiction.

## V.  RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendations must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendations where the disputed de-

5

termination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 8th day of July 2024.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE